UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                              CASE NO.: 8:11-cr-14-T-33AEP

SCOTT ALLAN BENNETT

_____/

**ORDER**

This matter comes before the Court pursuant to Scott Allan Bennett's Motion to Vacate Conviction due to Newly Discovered Evidence (Doc. # 171), which was filed on February 25, 2013. A jury found Bennett guilty of making a false statement on a military housing application, unauthorized wear of a military uniform, and violation of a defense property security regulation. Subsequent to Bennett's sentencing, an administrative military hearing convened to determine whether Bennett's commission in the Army Reserves would be revoked.

Pursuant to Rule 33(b)(1), Fed. R. Crim. P., Bennett contends that this military hearing produced new evidence, which warrants vacatur of the Court's judgment and a new trial. Bennett further asserts several other arguments pursuant to Rules 12(b), 12(h)(3), and 60(b)(3), Fed. R. Civ. P. The Government filed a Response in Opposition to

the Motion (Doc. # 172) on March 13, 2013. With Leave of Court, Bennett filed a Supplement (Doc. # 174), to which the Government responded (Doc. # 178) on April 8, 2013, and to which Bennett replied (Doc. # 179) on May 8, 2013. After due consideration of the relevant rules, case law, and evidence, this Court denies Bennett's Motion for the reasons below.

I. **Background**

On April 23, 2010, Bennett approached MacDill Air Force Base's Dale Mabry Gate (Doc. # 23 at 2) and was selected for random Base entry point screening. (Doc. # 25 at 2). During the screening, Bennett appeared intoxicated, which prompted MacDill security to call Tampa Police. (Id. at 3). MacDill security continued to question Bennett until Tampa Police arrived. (Id.). After failing a field sobriety test, Bennett was arrested and searched; police discovered a concealed handgun on Bennett's person in addition to other weapons in Bennett's car. (Id.).

Later that morning, Detective Garcia of MacDill security was informed of Bennett's arrest. (Id.). In an initial inquiry, Detective Garcia learned Bennett had received authorization to live on MacDill Air Force Base as an active duty Army Reservist with orders from U.S. Central

Command. (Id. at 3-4). Further investigation revealed, however, that Bennett was in fact a civilian contractor working for U.S. Central Command. (Id. at 4). When Bennett returned to MacDill Air Force Base he consented to a vehicle search by Detective Garcia; Detective Garcia found empty gun holsters, a knife, and pepper spray. (Id.). After obtaining a search warrant, Detective Garcia found seven unauthorized firearms, over 9,000 rounds of ammunition, and other contraband in Bennett's on-Base housing. (Id. at 3).

The Government's April 28, 2011, superseding indictment contained four counts. Count I charged that Bennett made a false statement on a military housing application in order to obtain on-Base housing, in violation of 18 U.S.C. § 1001. (Doc. # 40 at 1-2). Count II charged that Bennett wore a uniform of the armed forces without authorization, in violation of 18 U.S.C. § 702. (Id. at 2). Counts III and IV charged that Bennett violated defense property security regulation by possessing prohibited items on MacDill Air Force Base, including concealed handguns and ammunition, in violation of 50 U.S.C. § 797(a)(1). (Id. at 3). The superseding indictment also contained a forfeiture count. (Id. at 4-5).

In a pre-trial motion to suppress, Bennett argued all evidence produced from the above searches should have been excluded on several grounds: namely, that MacDill security violated the Posse Comitatus Act by detaining Bennett until Tampa Police arrived and that there was not probable cause to search his on-Base residence. (Doc. # 23 at 4-5, 16). The Posse Comitatus Act generally prohibits the use of any part of the Army or Air Force to enforce laws, except as provided for in the Constitution or by Congress. 18 U.S.C. § 1385. A violation of this Act occurs when "military participation . . . pervade[s] the activities of civilian officials" thereby subjecting citizens to "the regulatory exercise of military power." United States v. Bacon, 851 F.2d 1312, 1313 (11th Cir. 1988). Bennett further argued that there was no federal subject-matter jurisdiction. (Id.). Magistrate Judge Porcelli, after fully addressing each of Bennett's arguments, recommended the motion to suppress be denied, and this Court agreed. (Doc. ## 35, 36).

A jury trial occurred during the week of July 18, 2011; a verdict of guilty was returned as to all counts and forfeiture deemed appropriate. (Doc. ## 71, 88-89). This Court sentenced Bennett to a total of 36 months

imprisonment on December 1, 2011. (Doc. # 132). Additionally, Bennett was fined and sentenced to a total of 36 months supervised release. (Id.). The Court entered its Amended Judgment reflecting Bennett's conviction and sentence (Doc. # 132) on December 2, 2011. On December 14, 2011, Bennett appealed (Doc. # 134), arguing that a weapons-possession enhancement was inapplicable. (Doc. # 169). The Eleventh Circuit affirmed his sentence. (Id.).

Thereafter, on February 25, 2013, Bennett filed the instant motion to vacate pursuant to Rule 33, Fed. R. Crim. P. (Doc. # 171). Attached to the motion to vacate, its supplement (Doc. # 174), and a reply by Bennett (Doc. # 179) are 194 pages of evidence, of which only 10 pages contain new information. In chronological order, "Exhibit 'A' – Part 4" is Bennett's response to show cause in a military administrative hearing held pursuant to DoD Directive 1332.30; "Exhibit 'A' is a copy of a request for Bennett to appear before the administrative military board; "Exhibit 'A' – Part 3" is a perfunctory summary of Bennett's involuntary separation from the Army Reserves; and "Exhibit 'A' – Part 2" lists Bennett's rights following his involuntary separation. (Doc. # 171 at 27-36).

According to Bennett, "Exhibit A" explains "why 2LT Bennett's Commission in the U.S. Army should be preserved and defended against allegations made in 2LT Bennett's criminal charges brought by the Department of Justice in a Civilian Court for military related offenses." (Doc. # 171 at 27). Bennett argues that the military proceedings established new evidence warranting this Court's judgment vacated. (Id. at 6, 28). Yet, "Exhibit 'A' – Part 2" contradicts Bennett's assertion by establishing that the Army, after conducting the required administrative hearing, decided in favor of involuntary separation. (Id. at 29).

Furthermore, while Bennett's motion to vacate is brought pursuant to Rule 33(b)(1), Fed. R. Crim. P., Bennett also asserts several additional arguments. (Doc. # 171). First, Bennett reasserts a lack of federal subject-matter jurisdiction and a violation of the Posse Comitatus Act. (Id.). Second, Bennett asserts the Government defrauded the Court when a Special Assistant United States Attorney and a government witness wore military uniforms during the jury trial. (Id.). Both of the additional arguments are brought under the Federal Rules of Civil Procedure. (Id.). Bennett further argues that the "newly discovered evidence" from a subsequent military

6

administrative hearing "substantially prejudiced [his] right to a fair trial within the meaning of the 5th and 6th Amendment [sic] of the U.S. Constitution." (Id. at 6).

## II. Analysis

### A. Federal Rules of Civil Procedure Afford No Relief

As an initial matter, the Court notes that the Federal Rules of Criminal Procedure govern all criminal cases in federal court, whereas civil cases are governed by the Federal Rules of Civil Procedure. Fed. R. Crim. P. 1; Fed. R. Civ. P. 1. The Eleventh Circuit has consistently held: "it is well-established that the Federal Rules of Civil Procedure do not provide relief from judgment in a criminal case." United States v. Potts, 329 F. App'x 853, 854 (11th Cir. 2008)(original emphasis) (holding Fed. R. Civ. P. 60(b)(3) is not available for relief in a criminal case); see also United States v. Martinez, 210 F. App'x 861, 863 (11th Cir. 2006)(holding Fed. R. Civ. P. 12(h)(3) affords no relief in criminal trials).

Here, Bennett raises arguments pursuant to two Federal Rules of Civil Procedure – 12(h)(3) and 60(b)(3). The Court notes that Bennett alternatively refers to Rule 12(h)(3) as Rule 12(b) (Doc. # 179 at 14); however, the distinction in this case is one without a difference. Indeed, as in Potts

7

and Martinez, where the Federal Rules of Civil Procedure were inapplicable in a criminal case, the same holds true here: no rule of civil procedure can grant relief from judgment in this – or any – criminal case.

    **B.**    **There is No New Evidence Warranting Vacatur**

Rule 33 states: "upon a defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The Eleventh Circuit has consistently stated, "Motions for a new trial based on newly discovered evidence are highly disfavored . . . and should be granted only with great caution." United States v. Thompson, 335 F. App'x 876, 879 (11th Cir. 2009) (quoting United States v. Campa, 459 F.3d 1121, 1151 (11th Cir. 2006) (en banc)). The defendant moving under Rule 33 bears the "heavy burden" to show:

> 1) the evidence was discovered after trial, 2) the failure of the defendant to discover the evidence was not due to a lack of due diligence, 3) the evidence is not merely cumulative or impeaching, 4) the evidence is material to issues before the court, and 5) the evidence is such that a new trial would probably produce a different result.

Thompson, 335 F. App'x at 879 (citation omitted). "The failure to satisfy any one of these elements is fatal" to a Rule 33 motion. United States v. Lee, 68 F.3d 1267, 1274

8

(11th Cir. 1995) (citation omitted). "Further, a Rule 33 motion filed more than [fourteen] days after the verdict may only address newly discovered evidence showing actual innocence, not constitutional violations." United States v. Spuza, 194 F. App'x 671, 674 (11th Cir. 2006)(in 2009 Rule 33 was amended to allow defendants 14, rather than 7, days to file).

As previously mentioned, Bennett submitted 194 pages of evidence, but 184 of those pages are photocopies of previously entered evidence. (Doc. ## 171, 174, 179). By definition, such evidence cannot be new evidence. While Bennett presented some evidence not appearing in the record on appeal, such as a shipping receipt documenting Bennett's move from Washington, D.C. to Tampa, Florida (Doc. # 174 at 4-8) and a report by Bennett concerning the effects of repealing the military's "Don't Ask Don't Tell" policy (Doc. # 179-2), none of this evidence is material to the issues before the Court.

Moreover, Bennett's failure to discover this evidence was because of a lack of due diligence. It cannot be said that Bennett was unaware of this evidence; for example, the receipt was signed by Bennett and the report authored by Bennett. (Doc. ## 174 at 4; 179-2). Thus, Bennett has not

9

satisfied several Thompson requirements: i.e., that the evidence must have been discovered after the trial; that the failure to discover the evidence was not due to a lack of due diligence; and that the evidence is material to the issues before the court. Therefore, in accordance with Lee, the failure to satisfy these requirements is fatal to Bennett's Rule 33 motion. However, in an abundance of caution, the Court will address Bennett's other arguments.

Bennett further argues that he was deprived of his right to a fair trial under the Fifth and Sixth Amendments. (Doc. # 171 at 6). But, as Spuza held, a district court is without jurisdiction to review constitutional challenges asserted after the time prescribed in Rule 33 elapses, which is fourteen days after the verdict. 194 F. App'x at 674; Fed. R. Crim. P. 33 (2009). Because Bennett asserts these constitutional challenges more than 18 months after the verdict, this Court cannot consider Bennett's constitutional arguments.

Moreover, Bennett asserts the administrative military hearing held on November 30, 2012, established new evidence, which warrants vacatur and a new trial. (Doc. # 171 at 17, 27-36). Yet, the purpose of the hearing was to determine whether Bennett's commission as an officer in the

Army Reserves would continue in light of his recent criminal conviction. (Doc. # 171 at 27, 29-30). Additionally, Bennett did not show that the military hearing either considered or established new evidence. (Doc. ## 171, 174, 179). Again, the military hearing's purpose was to determine whether Bennett would retain his commission in the Reserves - a determination based on evidence put-forth during his trial.

Furthermore, that the military decided in favor of involuntary separation is not the type of evidence tending to show that a new trial would probably produce a different result. In fact, that the military hearing found in favor of involuntary separation, based on the same evidence at trial, tends to support the verdict – not call it into question. Accordingly, Bennett's argument does not satisfy Thompson's fifth requirement that the evidence must be such that a new trial would probably produce a different result.

### C. **Federal Subject-Matter Jurisdiction Exists**

Bennett also challenges this Court's jurisdiction pursuant to Rule 12(b), Fed. R. Crim. P. (Doc # 171 at 20). Bennett reasserts an argument that this Court lacks subject-matter jurisdiction because MacDill security allegedly violated the Posse Comitatus Act; and because

MacDill security allegedly exceeded their authority by stopping Bennett on the proprietary jurisdiction of MacDill. (Id.). However, these arguments are not new. (Id. at 43). In fact, Bennett's own attachment establishes that Bennett challenged the Court's jurisdiction throughout the proceedings and had a standing objection to all evidence obtained from the searches of his car and on-Base residence. (Id.). Moreover, a Rule 12 motion must be made before trial – not within a Rule 33 motion more than 18 months after the verdict. Fed. R. Crim. P. 12(b)(3)(B). Thus, Bennett's argument is untimely and procedurally improper.

Even assuming, arguendo, that Bennett's jurisdictional challenge was procedurally proper, his argument would still be unavailing. This Court previously denied Bennett's jurisdictional argument by adopting Magistrate Judge Porcelli's recommendation that Bennett's motion to suppress be denied. (Doc. ## 35-36). The reasons for denying Bennett's motion to suppress were namely that the Posse Comitatus Act was not violated, because MacDill security's participation did not pervade in the enforcement of Florida's DUI statute; MacDill security had an independent military purpose in maintaining base security and personnel

safety by not allowing a suspected drunk driver to drive-off; and even if MacDill security violated the Posse Comitatus Act, such actions were not violative of the Act's spirit. (Id.). Given that Bennett asserts no new evidence affecting jurisdiction, there is no cause to reconsider the prior jurisdictional determination.

## III. Conclusion

Bennett failed to supply any new evidence that warrants vacating this Court's judgment. Several of his arguments were brought pursuant to inapplicable civil Rules or raised issues which this Court either previously decided or is now without jurisdiction to review. Moreover, the purportedly new evidence Bennett relies on does not satisfy Thompson's requirements. Therefore, Bennett's Rule 33 motion to vacate is denied. Having denied Bennett's Rule 33 motion, Bennett's motion for oral argument (Doc. # 180) is moot.

Accordingly it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Defendant's Motion to Vacate Conviction Due to Newly Discovered Evidence (Doc. # 171) is **DENIED**.

(2) Defendant's Motion for Oral Argument (Doc. # 180) is **DENIED** as moot.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of July, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel and Parties of Record